FILED

NOV 20 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **4:19CR00961 SRC/NCC** |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY CALDWELL (1), | ) | Count 1 |
| a/k/a "Peta Man," | ) | |
| ROMAN FRENCHIE (2), | ) | Count 1 |
| TYRONE SIMS (3), | ) | Count 1 |
| a/k/a "Bullet," | ) | |
| KEVIN WHITE (4), | ) | Count 1 |
| a/k/a "Chucky," | ) | |
| MARTES MOSLEY (5), | ) | Count 1 |
| MICHAEL MOORE (6), | ) | Count 1 |
| MARICUS FUTRELL (7), | ) | Count 1 |
| a/k/a "Rukus," | ) | |
| JAZMYNN LESTER (8), | ) | Count 1 |
| AALIAH LESTER (9), | ) | Count 1 |
| JIMMIESHA WILLIAMS (10) and | ) | Count 1 |
| DENEISHA BAKER (11), | ) | Counts 2 & 3 |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

### COUNT ONE

**CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT
TO DISTRIBUTE 400 GRAMS OR MORE OF FENTANYL**

The Grand Jury charges that:

Beginning at an exact time unknown to the Grand Jury but including January 2018, and continuing thereafter to the date of this indictment, in the Eastern District of Missouri, and elsewhere, the defendants,

**ANTHONY CALDWELL, a/k/a "Peta Man,"
ROMAN FRENCHIE,
TYRONE SIMS, a/k/a "Bullet,"**

**KEVIN WHITE, a/k/a "Chucky,"**
**MARTES MOSLEY,**
**MICHAEL MOORE,**
**MARICUS FUTRELL, a/k/a "Rukus,"**
**JAZMYNN LESTER,**
**AALIAH LESTER, and**
**JIMMIESHA WILLIAMS,**

did knowingly and willfully conspire, combine, confederate and agree with each other, and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

With respect to each defendant, the amount of fentanyl involved in the conspiracy attributable to each defendant as a result of his or her own conduct, and the conduct of others reasonably foreseeable to him or her, is 400 grams or more, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

## COUNT TWO

### MAINTAINING A DRUG PREMISES

The Grand Jury further charges that:

Between on or about September 10, 2019 and September 20, 2019, within the Eastern District of Missouri, the defendant,

**DENEISHA BAKER,**

unlawfully and knowingly used and maintained a place located at 3740 Melba Place, St. Louis, Missouri for the purpose of distributing controlled substances, in violation of Title 21, United States Code, Section 856(a)(1).

## COUNT THREE

### POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL

The Grand Jury further charges that:

On or about September 20, 2019, in the Eastern District of Missouri,

**DENEISHA BAKER,**

the Defendant herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance drug.

In violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) or 846, as set forth in Counts One and Two, the defendants shall forfeit to the United States of America any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations set forth in Counts One and Two.

3. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. $9,255 U.S. currency;

    b. $13,200 U.S. currency;

   c. .45 caliber Glock 21, semi-automatic pistol, Serial # KHR752;

   d. 7.62 x 39mm Soviet M43, PPU Mini Draco, Serial #PMD-07464-18RO;

   e. 10mm Glock 29, semi-automatic pistol, Serial #VHX446;

   f. 7.62 x 39mm Soviet M43, PPU, Romarm/Cugir Draco, pistol, Serial #DB-1047-16RO;

   g. Glock 23 Gen 4, .40 S&W caliber, semi-automatic pistol, Serial #BFGG912;

4. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

              A TRUE BILL.


              _____
              FOREPERSON

JEFFERY B. JENSEN
United States Attorney


_____
PAUL J. D'AGROSA, #36966MO
Assistant United States Attorney